UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                        Plaintiff,<br><br>v.<br><br>MARK POLLARD,<br><br>                        Defendant. | Case No.: 19-CV855-CAB-BGS<br><br>**ORDER DENYING EX PARTE REQUEST TO SERVE BY PUBLICATION**<br><br>[Doc. No. 5] |

Plaintiff asks the Court to authorize service of the summons and complaint by publication. The motion provides no relevant authority governing the request. "The Federal Rules of Civil Procedure do not expressly provide for service of process by publication." *Reeder v. Knapik*, No. CIV. 07CV362-L (LSP), 2007 WL 3333354, at *1 (S.D. Cal. Nov. 7, 2007). Federal Rule of Civil Procedure 4(e)(1), however, permits service upon individuals "pursuant to the law of the state in which the district court is located."

"California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication." *Faegin v. LivingSocial, Inc.*, No. 14CV00418-WQH-KSC, 2014 WL 5390331, at *1 (S.D. Cal. Oct. 22, 2014). "'Before allowing a plaintiff to resort to service by publication, the

1

courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Estate of Smith by Sanders v. City of San Diego*, No. 16-CV-2989-WQH-MSB, 2019 WL 2436405, at *1 (S.D. Cal. June 11, 2019) (quoting *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995)). "Service by publication is permissible '*only as a last resort*." *Faegin*, 2014 WL 5390331, at *1 (*emphasis* in original) (quoting *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 332 (Cal. Ct. App. 1978)).

California permits service by publication pursuant to Code of Civil Procedure section 415.50, which states as follows:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
> (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.
> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

"Thus, section 415.50 provides a method for effecting service by publication where a defendant's whereabouts and his dwelling house or usual place of abode cannot be ascertained with reasonable diligence. . . ." *Reeder*, 2007 WL 3333354, at *2.

Plaintiff has not satisfied the high standards required for service by publication. To the contrary, Plaintiff offers no evidence that Defendant in fact resides at the location where service was attempted or that Plaintiff exercised any diligence in trying to locate Defendant. Moreover, even assuming that Defendant does reside at the address where service was attempted, that he either was not present or did not answer the door for Plaintiff's process servers is insufficient grounds for Plaintiff to serve by publication. Accordingly, Plaintiff's ex parte application is **DENIED**.

It is **SO ORDERED**.

Dated: June 21, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge