UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARK POLLARD,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CV-855-CAB-BGS<br><br>**ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT**<br><br>[Doc. No. 10] |

Before the Court is Defendant's motion to quash service of summons and complaint. [Doc. No. 10.] The motion has been fully briefed and the Court deems it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the motion is granted.

**I.　　BACKGROUND**

Plaintiff Anton Ewing filed a complaint against Defendant Mark Pollard on May 7, 2019, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). [Doc. No. 1.] On June 18, 2019, Plaintiff filed an *ex parte* request to serve Defendant by publication [Doc. No. 5], which this Court denied on June 21, 2019. [Doc. No. 6.] On June 25, 2019, Plaintiff filed an executed service of summons. [Doc. No. 7.]

In the proof of service, the process server declared that on a third attempt she completed "substituted service on a person of suitable age and discretion residing therein at Defendant Pollard's principle place of abode." [*Id*. at 4.[1]] The process server declared that when she first arrived at the residence, she saw two teenagers who appeared to be 18 or 19 years old playing basketball on the driveway. [*Id*.] According to the process server, when the two teenagers started running towards the garage, she got out of her car, ran down the driveway, and threw the documents at the garage door while yelling that she had seen them and they were served. [*Id*.] Thereafter, the process server mailed the summons and complaint to Defendant's address through FedEx, UPS, and USPS, and also emailed a copy to Defendant. [*Id*. at 4–5.] On August 5, 2019, Defendant moved to quash service of summons and complaint. [Doc. No. 10.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) "allows the defendant to attack the manner in which service was, or was not, attempted." *Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 1709335, at *2 (N.D. Cal. May 3, 2017). "When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4." *Id*. (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." *Id*. (citing *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-3237, 2016 WL 5462499, at *5 (N.D. Cal. Sept. 28, 2016)).

Federal Rule of Civil Procedure 4 provides that "[u]nless federal law provides otherwise, an individual . . . may be served by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B).

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

### III. DISCUSSION

Plaintiff asserts he effectuated substituted service upon Defendant pursuant to Federal Rule of Civil Procedure 4(e)(2)(B). While Plaintiff indicated in his *ex parte* request to serve by publication that personal service attempts were previously unsuccessful in May, the executed service that was filed with the Court is devoid of any facts regarding the process server's due diligence to attempt personal service in June. Instead, the process server's declaration begins, "I complete [sic] a third attempt and actual service on Mark Pollard." [Doc. No. 7 at 4.] The declaration then goes on to state the process server saw two teenagers playing basketball on the driveway who appeared 18 or 19, and the process server ran after them and threw the documents at the garage door as they were closing it, yelling out that she saw them and they were served. [*Id*.]

The process server appears to have made no attempts to ascertain the age of the two teenagers she saw on the driveway, whether they reside at Defendant's address, or their relationship to the Defendant. Defendant asserts that he was inside his home and his 16-year-old son was playing basketball with a friend who is also 16, and there was no knock or ring of the doorbell. Without any attempt at speaking with the teenagers, the process server cannot plausibly declare they were "of suitable age and discretion residing therein." While the process server states that they ran inside when they saw her, with knowledge of the two individuals present at Defendant's address, the process server could have gone to the door to inquire as to the above information or whether the Defendant was available. Resorting to throwing the documents at two unidentified teenagers while the garage door is closing is not sufficient for substitute service.

Accordingly, Defendant's motion to quash is **GRANTED**. However, the Court will afford Plaintiff another opportunity to serve Defendant correctly.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to quash. Plaintiff shall effect service of process on Defendant on or before **September 23, 2019**. The Clerk of Court is instructed to set aside the entry of default against Defendant.

It is **SO ORDERED**.

Dated: September 10, 2019

Hon. Cathy Ann Bencivengo
United States District Judge