# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>        Plaintiff,<br><br>v.<br><br>MARK POLLARD,<br><br>        Defendant. | Case No.: 19-CV855-CAB-BGS<br><br>**ORDER DENYING EX PARTE REQUEST TO SERVE BY PUBLICATION**<br><br>[Doc. No. 15] |

  Plaintiff Anton Ewing filed a pro se complaint on May 7, 2019. On June 18, 2019, Ewing moved for service by publication, and the Court denied the motion. On June 25, 2019, Ewing filed a summons returned executed in which the process server declared that on June 24, 2019, she completed "substituted service on a person of suitable age and discretion residing therein at Defendant Pollard's principle place of abode." [Doc. No. 7 at 4.] On July 29, 2019, Ewing requested entry of a clerk's default, and a default was entered by the clerk the same day. On August 5, 2019, Defendant Mark Pollard, also appearing pro se, filed a motion to quash service. The motion was fully briefed, and on September 10, 2019, the Court granted the motion and set aside the entry of default. The order granting the motion gave Ewing until September 23, 2019, to serve the complaint on Pollard.

Plaintiff has now filed a new ex parte request to serve by publication. "The Federal Rules of Civil Procedure do not expressly provide for service of process by publication." *Reeder v. Knapik*, No. CIV. 07CV362-L (LSP), 2007 WL 3333354, at *1 (S.D. Cal. Nov. 7, 2007). Federal Rule of Civil Procedure 4(e)(1), however, permits service upon individuals "pursuant to the law of the state in which the district court is located."

California provides for service by publication in its Code of Civil Procedure section 415.50. However, "California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication." *Faegin v. LivingSocial, Inc.*, No. 14CV00418-WQH-KSC, 2014 WL 5390331, at *1 (S.D. Cal. Oct. 22, 2014). Section 415.50 states as follows:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
> (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.
> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

"'Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.'" *Estate of Smith by*

*Sanders v. City of San Diego*, No. 16-CV-2989-WQH-MSB, 2019 WL 2436405, at *1 (S.D. Cal. June 11, 2019) (quoting *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995)). Moreover, "[i]f a defendant's address is ascertainable, a method of service superior to publication *must be employed*, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." *Watts*, 10 Cal. 4th at 749 n.5.

Ewing has not satisfied the high standards required for service by publication. He does not argue that he cannot locate Pollard's dwelling house or usual place of abode; rather, he argues that Pollard is attempting to evade service. Ewing, however, does not offer any authority for the proposition that a defendant's evasion of service justifies service by publication. Moreover, although Ewing's motion lists numerous alleged efforts to serve Pollard at one address, the application is accompanied by just one declaration which describes just three attempts at service, including one for which the declarant merely recounts a hearsay description of her associate's attempt at service. Considering that Ewing knows Pollard's address, this solitary declaration that three attempts at service were not successful does not satisfy the court that that Pollard "cannot with reasonable diligence be served in another manner . . . ." Cal. Code Civ. P. § 415.50. To the contrary, because Pollard's address is ascertainable, service by publication is not available under California law. *Watts*, 10 Cal. 4th at 749 n.5. Accordingly, Plaintiff's ex parte application is **DENIED**.

Although Ewing may not serve Pollard by publication, his application does satisfy the Court that good cause exists for an additional extension of the time period required by Federal Rule of Civil Procedure 4(m) for Ewing to serve Pollard because of Pollard's apparent attempts to evade service. *See* Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendment, Subdivision (m) (noting that "[r]elief may be justified, for example, . . . if the defendant is evading service or conceals a defect in attempted service."); *see also Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) ("The only example of good cause provided by the legislative history [of Federal Rule of Civil Procedure 4(j), which

was replaced by Rule 4(m)] is the obvious one of a defendant's evasion of service."); *Levy v. Mass Mut.*, No. C 12-01298 LB, 2012 WL 5897266, at *1 (N.D. Cal. Nov. 21, 2012) ("Evasion of service could also constitute good cause for delay in service."). Accordingly, it is hereby **ORDERED** that Ewing shall have until **November 7, 2019** to serve Pollard.

It is **SO ORDERED**.

Dated: September 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge