**FILED**

Oct 04 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ anthonyh _____ DEPUTY

Anton Ewing (*pro se*)
3077 Clairemont Drive #372
San Diego, CA 92117
anton@antonewing.com.
(619)719-9640

Plaintiff

# THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual, | Civil Case No.: 19CV0855 CAB BGS |
| Plaintiff, | **FIRST AMENEDED COMPLAINT** |
| vs. | |
| Mark Pollard, an individual; | **TCPA 47 USC §227(b)(1)(A)** |
| | **TCPA 47 USC §227(c)(5)** |
| Defendant. | **PC §6327, §637.2** |

Plaintiff Anton Ewing ("Plaintiff"), hereby files his First Amended

Complaint as of right pursuant to Federal Rule of Civil Procedure Rule 15, within

21 days of the Pollard's motion to dismiss (ECF No. 19) and Plaintiff now

complains against Defendant Mark Pollard ("Pollard") and alleges as follows:

# I.    INTRODUCTION

1.    This FAC moots Pollard's Rule 12(b)(1) motion to dismiss.

2.    Pollard cites *Romero* written by this Court which was expressly overruled, reversed and remanded by the 9th Circuit and struck down in *Romero v. Dep't Stores Nat'l Bank*, 725 F. App'x 537 (9th Cir. 2018)

3.    "The district court [Judge Bencivengo] erred in concluding that *Romero* lacked standing under Article III to bring a TCPA claim. The district court did not have the benefit of *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017), in which we held that "a violation of the TCPA is a concrete, de facto injury." Id. at 1043. Romero has shown that this concrete harm is fairly traceable to the Banks' challenged conduct. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)." *Romero v. Dep't Stores Nat'l Bank*, 725 F. App'x 537, 539 (9th Cir. 2018)

4.    Plaintiff is not a CM/ECF authorized user in this case and therefore cannot be served via ECF systems.

5.    Pollard is liable for the calls that he ordered Virtual Staffing Outsource (VSO) from the Philippines to make on his behalf to Plaintiff in violation of the TCPA.

6.    Pollard admitted at ECF No. 19, PageID.210, that "Grace" from VSO called Plaintiff on May 7, 2019 on behalf of Pollard and at Pollard direction.

19CV0855

7.      Pollard ordered Grace at VSO to illegally record the call to Plaintiff and had it both transcribed and submitted as an exhibit at PageID.221.  Said recording constitutes a criminal act in violation of PC §632, §632.7 and §637.2 for which Pollard is civilly liable.

8.      The 9th Circuit, in *Gomez,* and the US Supreme Court upheld, the fact that Pollard is vicariously liable for the acts of his agents for violating the TCPA.

9.      An illegal telemarketing call from VSO does not and cannot afford any subsequent caller, like Pollard, consent to call.  Pollard's calls were the fruit of the poisonous tree.  VSO's alleged obtaining of fake "consent" is not express written consent required under the TCPA as promulgated by the FTC and FCC.

10.      The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Mark Pollard.

11.      Mark Pollard has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  "Grace" is a direct employee of Pollard and received a W-2 from Pollard for sales commissions.  Grace confessed to this on the phone.  Mr. Ewing expressly told Mark Pollard and Grace to stop these illegal calls, but since then, Defendant Mark Pollard and its hired and controlled lead agents, have robocalled Plaintiff several more times.  Mr. Ewing brings this action under the Telephone

19CV0855

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Mark Pollard, to change their ways.  To be clear, Plaintiff is suing Pollard for the directly dialed calls.  There were other calls through lead generators but this lawsuit is for the direct autodialed calls.

## II. PARTIES

12.    Plaintiff Anton Ewing is a citizen of California who conducts business in California, in this District.

13.    Defendant Mark Pollard is registered in and doing business in California including San Diego County as a life insurance salesman.

## III. JURISDICTION AND VENUE

14.    This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over the Plaintiffs' claim arising under California's Invasion of Privacy Act[1], Penal Code §637.2, §632.7 because those claims:

      a.  arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff;

      b.  adds little complexity to the case; and

---

[1] Plaintiff will seek leave to amend the complaint after discovery to expressly allege CIPA violations.  This is only for notice purposes and to toll the statute of limitations.

19CV0855

      c.  relies on the same nucleus of facts, so it's unlikely to predominate over the TCPA claims.

15.     This Court has personal jurisdiction over Mark Pollard because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, Mark Pollard made illegal telemarketing robocalls to Mr. Ewing, while he was in California.   Mark Pollard has also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.  It is a crime to violate 47 USC §501 by violating 47 USC §227(b).  Mark Pollard and GRACE, through their dba's and agents, initiated the primary telemarketing calls to Plaintiff and then sold, transferred and provided the lead to Mark Pollard marketers and others within the organization in a knowingly illegal manner.  Pollard controlled Grace, told her what to say, how to do her job and what compensation she would be paid for the illegal telemarketing.  California Civil Code §1770(a)(22)(A) expressly prohibits the prerecorded messages that GRACE and Mark Pollard and its agents sent to Plaintiff.  However, Plaintiff will seek leave to amend the complaint after discovery.

16.     Plaintiff was called on cell phone of 619-719-9640 by Mark Pollard. Plaintiff was called multiple times beginning on or about May 7, 2019, from 619-720-3886, a number owned, used and controlled by Mark Pollard and Grace and its agents, with a prerecorded message which then transferred to a live human.  The

19CV0855

initial part of the call was a pre-recorded message.  After many personal questions were asked and answered, the call was transferred to another person who repeated the same questions.   Defendant's employee asked if Plaintiff was interested in an individual life insurance policy and a burial cost insurance policy.

17.    Plaintiff has expressly stated exactly what phone number Defendant used to call Plaintiff, as well as an exact date of one of the calls, to which number the calls were made, what was said on the call and that the call was made with an ATDS and prerecorded message.  All of this meets the particularity requirements for a cause of action.  Plaintiff's phone number is not a business phone.  Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

18.    Mark Pollard does substantial business in this District.  Mark Pollard has purposefully directed its activities to California and advertises that he does business in California.

**IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

19.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

20.    The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

19CV0855

21.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

22.     Plaintiff Ewing alleges that Defendant Mark Pollard and its employee Grace placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Ewing on May 7, 2019 and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing System (ATDS).  Those allegations are true and are sufficient to establish the elements of a TCPA claim.  There was a long delay when the calls connected every time and Plaintiff heard a bubble popping sound right before the prerecorded message started.

### V. STANDING

23.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviEwing pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal*

19CV0855

remain the same and pro se pleadings must continue to be liberally construed.

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

24.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    A. A valid injury in fact;

    B. which is traceable to the conduct of Defendant;

    C. and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

25.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists.  In the present case, Plaintiff was called on his cellular phone

at least five times by Defendant.  In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Mark Pollard and by GRACE.   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

26.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct

19CV0855

of Defendant. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant. See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

27.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

19CV0855

28.     "...[C]ourts in the Ninth Circuit have held that "allegations of nuisance and invasions of privacy in TCPA actions are concrete" injuries that establish standing. See *Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016).  In *Mbazamo*, the court held that a violation of the TCPA represents a concrete injury because "[t]he history of sustaining claims against both unwelcome intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit.'" *Mbazomo*, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The court declined to follow Romero, explaining that Romero "improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id.  *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

29.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id.* An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id.* In addition, for an injury to be

19CV0855

"concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

30.     Here, Plaintiff alleges that Defendant Mark Pollard and Grace contacted him using a "telephone dialing system."  This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, each of the calls are available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they advertise Defendant Pollard's product. Third,

Plaintiff declares that he has never heard of Defendant Pollard, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone numbers to said Defendant or consented to receive calls from Defendant.  Plaintiff also has had no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendant Pollard nor has he ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages.  Plaintiff already has life insurance in place and has been so insured for the last ten years.

31.     In Plaintiff's case, the allegations establish that he did not give prior express consent.  He declared that he was "the regular user and subscriber to the cellular telephone number at issue."  He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]."  As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages.

## VI. FACTUAL ALLEGATIONS

**A. Mark Pollard**

19CV0855

32.     One of Mark Pollard's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.  Pollard stated that he purchased Plaintiff's number from "Sales Genie."  Pollard also called from 760-877-1277.

33.     Mark Pollard uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

34.     A third party sold leads to Mark Pollard and GRACE and is the marketing agent for Mark Pollard.  GRACE knowingly advertises through Mark Pollard.

**B. Plaintiff**

35.     Plaintiff Anton Ewing is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**C. Telephone numbers** 619-719-9640

36.     A phone number beginning 619-719-9640 is registered to Mr. Ewing.

37.     619-719-9640 is on the National Do Not Call Registry.

38.     Mr. Ewing answers calls made to 619-719-9640.

39.     Mr. Ewing pays the phone bills for 619-719-9640.

**D. MARK POLLARD's Illegal Telemarketing Robocalls to Plaintiff**

40.     On May 7, 2019, a call to 619-719-9640, which is Mr. Ewing's cellular telephone, caused his cell phone to ring. Mr. Ewing picked up. The person on the

19CV0855

other end wasn't anyone Mr. Ewing knew.  In fact, it wasn't a person at all; it was a prerecorded voice. The voice advertised life insurance type services from MARK POLLARD.

41.     Plaintiff has never heard of GRACE either and had not given her permission to call him, let alone with a telemarketing robocall. Mr. Ewing was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry.

42.     Most of these robocalls used a prerecorded or artificial voice, while the rest were marked by an unnatural click or pause at the beginning—signaling to Mr. Ewing that the call was placed by an ATDS rather than manually dialed by a person.

43.     Three of Mark Pollard's telemarketing robocalls were made to Mr. Ewing while he was in California, in this District.

44.     Two of Mark Pollard's telemarketing robocalls were made to Mr. Ewing after Mark Pollard knew of his desire to never been solicited via telemarketing calls, which is publicly known in this District.

45.     Mr. Ewing repeatedly asked Mark Pollard to stop calling.

19CV0855

# VII. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

46.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

47.    The foregoing acts and omissions of Mark Pollard and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone number of Plaintiff without prior express written consent.

48.    The defendant in this matter is vicariously liable for the acts and actions of the lead source under the *Gomez* case from the US Supreme Court handed down on January 20, 2016.  Discovery will reveal the name of the lead agent.  Pollard controlled the lead agent and had actual knowledge of the TCPA violations.  The three other TCPA lawsuits are evidence of this knowing and willful conduct.

49.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

50.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

51.    Plaintiff also seeks a permanent injunction prohibiting MARK POLLARD and its affiliates and agents from making non-emergency telemarketing robocalls

19CV0855

to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Telephones, 47 U.S.C. § 227(b)(1)(B))

52.     Mr. Ewing realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53.     The foregoing acts and omissions of Mark Pollard and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the personal telephone 619-719-9640 number of Mr. Ewing without prior express written consent.

54.     Mr. Ewing is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

55.     Mr. Ewing is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

56.     Mr. Ewing also seeks a permanent injunction prohibiting MARK POLLARD, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

19CV0855

## IX. THIRD CLAIM FOR RELIEF

**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

57.    Plaintiff reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58.    The foregoing acts and omissions of Mark Pollard and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

59.    Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

60.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

61.    Plaintiff also seeks a permanent injunction prohibiting MARK POLLARD and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against Defendant Pollard as follows:

19CV0855

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Mark Pollard and GRACE violate the TCPA;

C. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2);

D. $500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;

E. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

F. For an injunction prohibiting all Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing;

G. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

H. $1,500 for each violation of 47 CFR §64.1601(3)  caller ID spoofing;

I. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

J. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

19CV0855

K. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

L. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

M. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry; and

N. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated:  October 4, 2019

Anton Ewing,
Plaintiff

19CV0855

## PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter.  I have filed this FIRST AMENDED COMPLAINT and had it served on Defendant as follows:

**3:19-cv-0855 CAB BGS**

**Notice has been electronically mailed to:**

I have also emailed a copy of this document to Defendant directly at the email address he uses to communicate with me at:

info@elevationinsurancegroup.com

Additionally I mailed this pleading, first class postage prepaid, to:

Mark Pollard, in pro per
15055 Kensal Court
Valley Center, CA 92082

All ECF users in this case have been served with a true and accurate copy via email.

I swear under penalty of perjury that the above was served as stated.
Dated:  October 4, 2019

/S/ Anton Ewing
Anton Ewing

19CV0855