**FILED**

Oct 30 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ anthonyh      DEPUTY

1  **Mark Pollard, (*pro per*)**
2  **15055 Kensal Court**
   **Valley Center, CA 92082**
3  **(760) 877-1277**
   (Defendant)
4

5

6

7

8              **THE UNITED STATES FEDERAL DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  Anton Ewing, JD                 ) **Civil Action No. 19cv0855-CAB-BGS**
                                    )
12             Plaintiff,           ) [*The Honorable Judge Cathy A.*
                                    ) *Bencivengo*]
13  vs.                             )
                                    ) **MEMORANDUM OF POINTS AND**
14                                  ) **AUTHORITIES BY MARK**
    Mark Pollard, an individual     ) **POLLARD IN SUPPORT OF**
15                                  ) **MOTION TO DISMISS FIRST**
                                    ) **AMENDED COMPLAINT**
16             Defendant.           )
                                    ) **[PER CHAMBERS, NO ORAL**
17                                  ) **ARGUMENT UNLESS ORDERED**
18                                  ) **BY THE COURT]**
                                    )
19                                  )
                                    ) **DATE:      December 3, 2019**
20                                  ) **TIME:**
21                                  ) **DEPT:      Courtroom 4C**
22  _____ )

23              <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

24  **I.    INTRODUCTION**

25        Defendant Mark Pollard moves this Court for an Order dismissing Plaintiff
26  Anton Ewing's First Amended Complaint because this is his second attempt to assert a
27  valid Telephone Consumer Protection Act claim against Defendant and he did not.
28

1    In his new First Amended Complaint Ewing states, "To be clear, Plaintiff is

2  suing Pollard for the directly dialed calls.  There were other calls through lead

3  generators but this lawsuit is for the direct autodialed calls."  (FAC at para. 11)

4  Thereafter, Mr. Ewing's First Amended Complaint almost exclusively discusses

5  actions by "Grace" with "Virtual Staffing Outsource" (VSO) from the Philippines.

6  (FAC at para. 5, 6, 7, 11, 15, 16, 34, 41)  That is the problem with the First Amended

7  Complaint because it is so vague and contradictory that Mr. Ewing portrays he was

8  called by Mark Pollard on six or more occasions.  But, Mr. Ewing knows that is not

9  true which is why he initially states in the First Amended Complaint that Grace

10  contacted him from VSO.

11    Mr. Ewing then makes a variety of false claims that I had some type of

12  employment relationship with the VSO in the Philippines, at one point actually

13  asserting that I issued a W-2 to a VSO employee, Grace.  (FAC at para. 11)  I am not

14  sure why Mr. Ewing would make claims that he knows are completely false and not

15  even possible since I reside in Valley Center and have nothing to do with the

16  ownership, operation, or any other capacity of the Philippines company VSO.

17    The truth is that I called Mr. Ewing one time (and one time only) because Mr.

18  Ewing stated to VSO that he wanted to be contacted by me because he was interested

19  in my insurance products.  At that time, Mr. Ewing said his name was Tony Starc at

20  the beginning of the call and then proceeded to engage me in a 15 minute conversation

21  over the insurance products that I offered.  Then, suddenly toward the end of that one

22  and only phone call, Mr. Ewing stated he was not Tony Starc, but instead Anton Ewing

23  and then began to threaten me in numerous ways some of which this Court has been

24  informed of in prior documents.

25    In any case, if we take Mr. Ewing at his word in his First Amended Complaint

26  that he is only suing me for my one direct phone call, then he can never assert a valid

27  claim under the Telephone Consumer Protection Act ever against me.  That is because

28

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    Mr. Ewing asked me to call him, which I did one time on my regular phone.[1]  In other

2    words, Mr. Ewing knows there was no autodialing involved between him and I.

3         Since Mr. Ewing has now limited this FAC to the one call that did occur

4    between him and I, there appears to be no basis for Mr. Ewing to have standing to

5    maintain any claim against me in this case.  Furthermore, can never state a valid claim

6    for any action I did under the Telephone Consumer Protection Act.

7         Mr. Ewing cites to *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037

8    (9th Cir. 2017) claiming that the case provides him with standing in any Telephone

9    Consumer Protection Act case.  But, that is not what *Van Patten* holds.  In fact, *Van*

10   *Patten* supports my position because the case discusses the fact that the defendant there

11   admitted to robotexting and also discussed consent.  In my case, I did not robocall

12   Tony Starc/Anton Ewing and the only reason I did contact him on one occasion was

13   because he said he wanted me to contact him because he was interested in my

14   insurance products.  And, for 15 minutes on the phone call with Tony Starc/Anton

15   Ewing, I believed he was interested in my insurance products because he was engaging

16   and asking questions about the insurance.

17

18   **II.   BACKGROUND**

19        Ewing has become notorious in the TCPA world as a serial litigant who has filed

20   dozens upon dozens of TCPA cases in the past few years. Mark Pollard is an

21   individual who until June 1, 2018 had run his own General Contracting business for

22   over 23 years.  Due to complications stemming from heart failure (cardiomyopathy),

23   Pollard shut down his business in June of 2018.  In an effort to provide for his family

24   Pollard turned to a less stressful career in life insurance, and obtained his license in

25   November of 2018.  On or about January 28, 2019 Pollard built a website

26   (elevationinsurancegroup.com).  On or about February 2, 2019 before Pollard could

27

28   [1]      Mr. Ewing made other false claims that I own some kind of autodialing equipment which is again just plain false
     and made up out of thin air.  I do not know how someone can just state false assertions like this and get away with it in a

**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT**
**IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

make any sales, he was diagnosed with thyroid cancer.  During the initial surgery for thyroidectomy Pollard's laryngeal nerve was severed causing Pollard to lose his voice. On or about April 24, 2019 Pollard was approached by an outsourcing company Virtual Staffing Outsourcing (VSO) based in the Philippines in an effort to provide their sourcing services.  VSO was responsible for their sourcing, vetting, and adherence of all applicable U.S. Laws in conducting their business and hiring their employees.

**A. History of Call Between Ewing and Defendant**

On or about May 7, 2019 VSO's employee Grace, emailed Pollard a scheduled appointment with Tony Starc contact number 619-719-9640 and email address seoresearchdata@gmail.com.  VSO had conducted their screening with Tony Starc for interest.  Starc was receptive and engaging and gave Grace consent for Pollard to contact him either on his cell phone 619-719-9640 or via his email seoresearchdata@gmail.com.  On or about May 7, 2019 at 10:31AM Pollard, through the use of his personal cell phone, manually placed one phone call to Tony Starc to confirm the appointment.  (Exhibit A)  Pollard did this by dialing his personal cell phone one time to 619-719-9640 (Exhibit A). The person answering the call identified himself as Tony Starc. The call duration was 18 minutes.  At all times during the first 15 minutes of conversation Pollard was under the belief that he was speaking with Tony Starc.  Starc was engaging and inquisitive about Pollard's business and not once did he state that his number was on the Do Not Call Registry (DNC). After Starc obtained Pollard's business information and 15 minutes into the call, Starc revealed to Pollard that indeed his name was "Anton", now known as Anton Ewing.  Ewing became aggressive and hostile and vociferously stated "I am going to shut your company down."  He proceeded to quote legalese codes and stated "I am going to sue you, I'm gonna shut you down."  Pollard apologized for the phone call but Ewing

court of law.

**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

continued to berate him.  Pollard advised Ewing that he was going to hang up and not continue this conversation.  Ewing continued to rebuke Pollard.  Pollard hung up the telephone. That same morning, May 7, 2019 at 10:56AM  Ewing called Pollard. Pollard then stated "I am trying to support my family and if my apology is not sufficient then there is nothing else to say" and ended the call.

Again on May 7, 2019 at 12:45PM Ewing emailed Pollard an unfiled alleged complaint stating "You have been sued…"

The single call at issue was placed to Tony Starc, now known as Anton Ewing, cell phone with a Pollard's personal cell phone. No ATDS equipment was ever used. Pollard does not own, has no knowledge of, or ever owned or used ATDS equipment.

**B.    Ewing's Alleged Harm**

Ewing now comes before this Court and alleges that Defendant's single call on May 7, 2019, violates the TCPA and is grounds for an injunction and damages because:

1.    Allegedly Defendant called Ewing's cellular telephone using an ATDS (FAC, ¶16);

2.    Ewing alleges he received "multiple calls" on or about May 7, 2019 from Pollard (FAC, ¶16);

3.    Ewing states the calls were harassing and annoying to him (FAC. ¶ 30) These are the only allegations of harm in the First Amended Complaint.  Further, there are no other allegations of any concrete harm regarding the single call Plaintiff received - nor could there be.

**III.    DISCUSSION**

**A.    Standard of Review**

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718F.2d 964, 965 (9th Cir. 1983). Because the issue of standing pertains to the

1   subject-matter jurisdiction of a federal court, motions raising lack of standing are

2   properly brought under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227

3   F.3d 1214, 1242 (9th Cir. 2000). The Plaintiff bears the burden of establishing he has

4   standing to bring the claims asserted. *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir.

5   1996); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546

6   F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of

7   establishing subject matter jurisdiction on a motion to dismiss for lack of subject

8   matter jurisdiction.")

9        Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe*

10  *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack,

11  the challenger asserts that the allegations contained in a complaint are insufficient

12  on their face to invoke federal jurisdiction. By contrast, in a factual attack, the

13  challenger disputes the truth of the allegations that, by themselves, would otherwise

14  invoke federal jurisdiction." *Id.* Here, Pollard's challenge is facial because it

15  disputes whether Plaintiff has alleged harm sufficiently particularized to confer

16  Article III standing. To adjudicate a facial challenge, the Court assumes the truth of

17  Plaintiff's factual allegations, and draws all reasonable inferences in favor of

18  Plaintiff. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005); *Safe Air*

19  *for Everyone*, 373 F.3d at 1039.

20

21       Moreover, standing must be considered before proceeding to the merits of a

22  case because it is a threshold, jurisdictional issue. *Kerr-McGee Chemical Corp. v.*

23  *U.S. Dept. of Interior*, 709 F.2d 597, 600 (9th Cir. 1983); *Los Angeles Bar Ass'n v.*

24  *Eu*, 979 F.2d 697, 700 (9th Cir. 1992). Litigants seeking redress in a federal forum

25  must have the requisite standing that arises from an actual controversy and must be

26  "extant at all stages of review, not merely at the time the complaint is filed."

27  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser*

28  *v. Newkirk*, 422 U.S. 395, 401 (1975)).

Essentially, courts must ensure that the parties before it have the requisite standing to pursue their claims, despite the current state of litigation, and even if the issue has not been previously raised. "Every federal . . . court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" *Arizonans for Official English*, 520 U.S. at 73 (internal citations omitted). *See also Juidice v. Vail*, 430 U.S. 327, 331 (1977) ("Although raised by neither of the parties, we are first obliged to examine the standing of appellees, as a matter of the case-or-controversy requirement associated with Art. III, to seek injunctive relief in the District Court.").

**B. Ewing Cannot Satisfy Article III Standing.**

The standing to sue doctrine arises from the case or controversy principles developed from United States Supreme Court case law. The purpose behind the "standing to sue" doctrine is to "limit the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *See Spokeo*, 136 S.Ct. at 1547 (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). A plaintiff in federal court must prove he has Article III standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996). "Article III, Section 2 of the United States Constitution restricts federal court jurisdiction to resolving cases and controversies. Standing to sue or defend is an aspect of the case or controversy requirement." *Arizonans for Official English*, 520 U.S. at 64; U.S. CONST. art. III, § 2, cl. 1.

Under this principle, standing consists of three elements. A plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Arizonans for Official English*, 520 U.S. at 64 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). It is Ewing's burden to prove he has satisfied Article III Standing. *Lewis*, 518 U.S. at 357.

Ewing has not and cannot meet this burden in light of *Spokeo*. Ewing under the alias "Tony Starc" requested that Pollard contact him to his cell phone 619-719-9640 or by email to seoresearchdata@gmail.com to offer further information on products. After the one call concluded, Pollard never again contacted Plaintiff Ewing.  In other words, Ewing not only consented to my single phone call with him, he actually requested that I call him to provide him with information on my insurance products.

Ewing now attempts to extrapolate that single, invited, call into a nationwide TCPA lawsuit. Even a cursory reading of his First Amended Complaint, shows that Ewing could not be harmed by my single phone call, that was not autodialed, and that he requested for me to call.  Other than reciting often-used introductory language as to why Congress enacted the TCPA, and its background regarding pre-recorded telemarketing calls, the First Amended Complaint does nothing to show that Ewing was harmed by the single, invited, call he received from me on May 7, 2019.

Nowhere in the factual background of the Complaint does Ewing articulate, state, infer, or complain of any actionable harm he suffered as a result of this call, absent the suggestion that he was annoyed by the call. Even assuming, *arguendo*, that Ewing could plead that he suffered the exact harm Congress sought to eliminate with the TCPA (*e.g.*, unwanted calls to Ewing's cell phone and violation of privacy), that allegation would only address the particular, not the concrete, component of an injury in fact analysis. *Spokeo's* holding is clear: a mere statutory violation divorced from some concrete injury caused by that statutory violation is not sufficient to confer Article III standing and injury in fact. 136 S.Ct. 1540 (2016).

Mr. Ewing cites to *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017) claiming that the case provides him with standing in any Telephone Consumer Protection Act case.  But, that is not what *Van Patten* holds.  In fact, *Van*

**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT**
**IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Patten* supports my position because the case discusses the fact that the defendant there admitted to robotexting and also discussed consent.

This reasoning is in harmony with *Spokeo* and dovetails precisely to the concrete harm showing that must be made, and is why Ewing's First Amended Complaint is fatally flawed. No amount of amendments can address the fundamental problem with his claim. Ewing merely received one, invited, call—following up on contact that Ewing himself /aka Tony Starc initiated. There is no allegation, nor could there be, that the single follow-up call was an attempt to sell something, was telemarketing, or was the result of a pattern of unwanted calls to Ewing by me.

Even a charitable reading of Ewing's First Amended Complaint reveals that he was not harmed by the single call placed. Instead, the First Amended Complaint is a contrivance brought by a serial plaintiff seeking to enrich himself with statutory damages and class-wide claims where no showing of any concrete harm tied to Defendant's conduct has been made. This is precisely the issue that *Spokeo* addressed and that compels a dismissal of these claims.

## C.    Ewing's First Amended Complaint Is Intentionally Confusing, Contradictory, And Does Not Assert A Plausible Claim With Sufficient Actual Factual Allegations.

To survive a Rule 12(b) motion to dismiss, the complaint must assert a plausible claim, and set forth sufficient factual allegations to support the claim. *Ascroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id*. To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient

1   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2   *Id.* (citing *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the

3   plaintiff pleads enough factual content that allows the court to draw the reasonable

4   inference that the defendant is liable under the alleged claim.  *Id.* (citing *Twombly*, 550

5   U.S. at 556).  "A court considering a motion to dismiss can choose to begin by

6   identifying pleadings that, because they are no more than conclusions, are not entitled

7   to the assumption of truth." *Id.* at 1950.  Therefore, if allegations are merely

8   "conclusory," they are "not entitled to be assumed true." *Id.*  Even if a court decides

9   that the factual allegations are entitled to an assumption of truth, however, the facts

10   must also "plausibly suggest an entitlement to relief." *Id.* at 1951.

11       Ewing's First Amended Complaint is intentionally misleading and

12   contradictory.  On the one hand, Mr. Ewing concedes in several places in the First

13   Amended Complaint that it was Grace from VSO rather than me that was the person

14   and entity that called him on numerous occasions.  On the other hand, Ewing begins

15   his First Amended Complaint by claiming that I had some type of ownership interest in

16   VSO or even completely falsely states that I issued a W-2 to Grace.  The First

17   Amended Complaint is so confusing and contradictory that it is difficult to understand

18   exactly what Mr. Ewing contends.  However, what is known is that I placed one call,

19   and one call only from my regular phone to Mr. Ewing after he requested that I call

20   him.  Because of that fact, Mr. Ewing can never assert a valid claim against me for

21   violation of the Telephone Consumer Protection Act unless he is allowed by the Court

22   to outright lie.

23

24   **IV.   CONCLUSION**

25       I request that Mr. Ewing's First Amended Complaint against me be dismissed

26   because Mr. Ewing lacks standing to bring it and he can never assert a claim against

27   me for violation of the Telephone Consumer Protection Act.

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

2   Dated: October 30, 2019

3                                                Mark Pollard, Defendant

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Exhibit A

Valley Center, CA  Español  Contact Us  Store Locator  🛒 Cart  ( Sign Out )

 **verizon**√  **Shop**    **Support**    **My Verizon**    I am looking for    🔍

My Verizon Home    My Billing    My Usage    My Devices    My Plan & Services    My Profile

# My Usage

**Current billing cycle:**    **View previous cycles**

**10**    days remaining.
Ends on 05/27/2019

## Choose a line:

<         [device]    

**MARK POLLARD**

**760-877-1277**

Feedback

# Here's a look at your minutes for this month.

You have Unlimited minutes

| Device | Anytime ❓ | Nights & Weekends ❓ | Mobile to Mobile ❓ | Total |
|--------|-----------|---------------------|--------------------|-------|
| **MARK POLLARD**<br>**760-877-1277** | | | | |

Usage is Estimated.    **468 minutes used** out of Unlimited

# Current call log for: 7608771277

All ▼    Download as a spreadsheet

| Date ▾ | Time ⇕ | Destination ⇕ | Number ⇕ | Call type ⇕ | Minutes ⇕ |
|--------|--------|---------------|----------|-------------|-----------|
| 05/17/2019 | 9:55 AM | TOLL-FREE | -1900 | | 9 |

| Date ▼ | Time ◆ | Destination ◆ | Number ◆ | Call type ◆ | Minutes ◆ |
|---|---|---|---|---|---|
| 05/09/2019 | 11:52 AM | CINCINNATI | -3111 | M2M Calling Peak | 4 |
| 05/09/2019 | 11:45 AM | SAN MARCOS | 5535 | Peak | 3 |
| 05/09/2019 | 11:44 AM | SAN MARCOS | -5535 | Peak | 1 |
| 05/09/2019 | 10:21 AM | ESCONDIDO | -0611 | Peak | 3 |
| 05/09/2019 | 10:01 AM | EL CAJON | -0761 | Peak | 4 |
| 05/09/2019 | 8:21 AM | INCOMING | 8163 | M2M Calling Peak | 2 |
| 05/09/2019 | 7:33 AM | INCOMING | -8163 | M2M Calling Peak | 2 |
| 05/08/2019 | 1:11 PM | INCOMING | -4391 | Peak | 2 |
| 05/08/2019 | 12:41 PM | TOLL-FREE | -5521 | Peak | 6 |
| 05/08/2019 | 12:38 PM | TOLL-FREE | -5521 | Peak | 3 |
| 05/08/2019 | 9:39 AM | SAN DIEGO | 6585 | Peak | 1 |
| 05/07/2019 | 3:02 PM | TOLL-FREE | -3361 | Peak | 2 |
| 05/07/2019 | 3:01 PM | TOLL-FREE | 3361 | Peak | 1 |
| 05/07/2019 | 2:15 PM | INCOMING | 7547 | Peak | 2 |
| 05/07/2019 | 12:09 PM | INCOMING | -3387 | Peak | 2 |
| 05/07/2019 | 10:56 AM | INCOMING | 619-719-9640 | Peak | 2 |
| 05/07/2019 | 10:31 AM | SAN DIEGO | 619-719-9640 | Peak | 18 |
| 05/07/2019 | 10:24 AM | INCOMING | -1014 | Peak | 2 |
| 05/07/2019 | 9:59 AM | WALNUT CRK | -1014 | Peak | 2 |
| 05/07/2019 | 9:58 AM | MONTEBELLO | -1181 | Peak | 1 |
| 05/07/2019 | 9:54 AM | PHELAN | -4290 | Peak | 1 |

| Date ▼ | Time ⬧ | Destination ⬧ | Number ⬧ | Call type ⬧ | Minutes ⬧ |
|---|---|---|---|---|---|
| 05/07/2019 | 9:49 AM | VM DEPOSIT | -5167 | Peak | 2 |
| 05/06/2019 | 3:14 PM | TOLL-FREE | -3387 | Peak | 1 |
| 05/06/2019 | 2:48 PM | LSAN DA 02 | -6391 | Peak | 2 |
| 05/06/2019 | 1:01 PM | SAN DIEGO | -5167 | Peak | 2 |
| 05/06/2019 | 10:26 AM | POWAY | -7771 | M2M Calling Peak | 2 |
| 05/06/2019 | 10:25 AM | VM DEPOSIT | -3338 | Peak | 1 |
| 05/06/2019 | 10:24 AM | VM DEPOSIT | 7157 | M2M Calling Peak | 1 |
| 05/06/2019 | 10:20 AM | POWAY | -2889 | Peak | 1 |
| 05/06/2019 | 8:12 AM | VM DEPOSIT | -5167 | Peak | 2 |
| 05/04/2019 | 4:15 PM | VM DEPOSIT | -5167 | Off Peak | 1 |
| 05/04/2019 | 12:14 PM | INCOMING | -3338 | Off Peak | 1 |
| 05/04/2019 | 9:48 AM | VM DEPOSIT | -5167 | Off Peak | 1 |
| 05/04/2019 | 9:24 AM | VM DEPOSIT | -5167 | Off Peak | 2 |
| 05/04/2019 | 9:11 AM | VM DEPOSIT | -3338 | Off Peak | 1 |
| 05/04/2019 | 9:02 AM | VM DEPOSIT | -3338 | Off Peak | 2 |
| 05/03/2019 | 8:58 AM | INCOMING | -2530 | Peak | 14 |
| 05/03/2019 | 8:51 AM | RNCHOBRNDO | 2475 | Peak | 5 |
| 05/03/2019 | 8:46 AM | VM DEPOSIT | 2530 | Peak | 1 |
| 05/03/2019 | 6:24 AM | CHULAVISTA | -8163 | M2M Calling Peak | 1 |
| 05/02/2019 | 2:29 PM | INCOMING | -2250 | Peak | 3 |
| 05/02/2019 | 10:32 AM | BEND | -1681 | Peak | 2 |

1 | **Mark Pollard, (*pro per*)**
2 | **15055 Kensal Court**
    | **Valley Center, CA 92082**
3 | **(760) 877-1277**
4 | (Defendant)

THE UNITED STATES FEDERAL DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Anton Ewing, JD, an individual, | ) | **Civil Action No. 19cv0855-CAB-BGS** |
|---|---|---|
| | ) | [*The Honorable Judge Cathy A. Bencivengo*] |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF MOTION AND** |
| | ) | **MOTION BY DEFENDANT MARK** |
| Mark Pollard, an individual; | ) | **POLLARD TO ACCEPT SERVICE** |
| | ) | **AND MOTION BY MARK** |
| Defendant. | ) | **POLLARD TO DISMISS** |
| | ) | **COMPLAINT** |
| | ) | |
| | ) | **[PER CHAMBERS, NO ORAL** |
| | ) | **ARGUMENT UNLESS ORDERED** |
| | ) | **BY THE COURT]** |
| | ) | |
| | ) | **DATE:    December 3, 2019** |
| | ) | **TIME:** |
| | ) | **DEPT:    Courtroom 4C** |

PLEASE TAKE NOTICE that I, Defendant Mark Pollard, hereby respectfully

moves to dismiss Plaintiff, Anton Ewing's First Amended Complaint on the grounds

listed below.  The Motion is set for December 3, 2019 in Courtroom 4C of the above-

entitled Court.

**MOTION:**

Defendant Mark Pollard moves this Court for an order granting his Motion to Dismiss the First Amended Complaint of Anton Ewing pursuant to Federal Rule of Civil Procedure §12(b)(1), on the grounds that Plaintiff lacks Article III standing, and therefore, this Court lacks subject matter jurisdiction.

Defendant Mark Pollard further moves this Court for an order granting his Motion to Dismiss the First Amended Complaint of Anton Ewing pursuant to Federal Rule of Civil Procedure §12(b)(6). Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." *Id*. "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993), reh'g en ban denied. Since Plaintiff cannot state a valid action for violation of the Telephone Consumer Protection Act this Court should dismiss Anton Ewing's First Amended Complaint.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings, papers, and other documents on file in this action, and such further evidence or argument as the Court may properly consider at or before the hearing on this Motion.

///

1 | Dated: October 30, 2019
2 |
3 |                                              Mark Pollard, Defendant
4 |                                              Pro per
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

DEFENANT'S NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | COURT USE ONLY |
|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Anton Ewing v. Mark Pollard | |
| | CASE NUMBER:<br>19cv0855-CAB-BGS |

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. My home address is 15055 Kensal Court, Valley Center, CA 92082.

On October 30, 2019, I personally mailed the following document(s):

1) **NOTICE OF MOTION AND MOTION BY DEFENDANT MARK POLLARD TO ACCEPT SERVICE AND MOTION BY MARK POLLARD TO DISMISS COMPLAINT**

2) **MEMORANDUM OF POINTS AND AUTHORITIES BY MARK POLLARD IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

I served the document(s) on the person below, as follows:

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117

**By United States mail.** I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the persons at the address above and deposited the same with the United States Postal Service, in a sealed envelope with First Class postage fully paid.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on October 30, 2019, at Valley Center, California.

Christina Pollard